UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARTIN L. MELVIN, | : | Civil Action No.: 05-771 (SRC) |
| Plaintiff, | : | |
| v. | : | OPINION and ORDER |
| JASON ASTBURY, et. al., | : | |
| Defendants. | : | |

## I.   INTRODUCTION

This matter comes before the Court *sua sponte* based upon an Order to Show Cause why this matter should not be dismissed for failure to prosecute pursuant to FED. R. CIV. P. 41(b). For the reasons set forth below Plaintiff's Complaint is dismissed with prejudice.

## II.   FACTS

*Pro-se* Plaintiff Martin L. Melvin filed a Complaint with an Application to proceed *in forma pauperis* against Defendants Jason Astbury and David Hopkins (incorrectly pleaded as Hopkem) on February 9, 2005. (Civ. No. 05-771, Docket Sheet Entry # 1)  Plaintiff alleges that Defendants violated his civil rights due to "police brutality", denial of medical treatment, mental stress, "fault accusation", anxiety, and taking pictures of Plaintiff. (Compl. at 2) On October 6, 2006, Plaintiff filed an Application for Pro Bono Counsel, which was denied. (Civ. No. 05-771, Docket Sheet Entries # 7 & 8)

After filing the Complaint, Plaintiff was granted *in forma pauperis* status. (Id. at # 2) Defendant Astbury answered the Complaint and filed a counterclaim on July 27, 2005. (Id. at # 4) Defendant Hopkins answered the Complaint and filed a cross claim on August 2, 2005. (Id. at # 5) On August 8, 2006, Magistrate Judge Bongiovanni issued an Order requiring Plaintiff to submit a

pretrial memorandum to the Court no later than January 9, 2006, and Defendants to submit theirs by February 8, 2006. (Id. at #6)

Plaintiff failed to submit his pretrial memorandum on January 9, 2006, nor had he contacted the Court to seek an extension.  The magistrate judge, however, afforded Plaintiff additional time to submit his pretrial memorandum, namely by March 15, 2006. (Id. at # 11)  Defendants submitted their pretrial memoranda in accordance with the Court's instructions. (Id. at # 9 & 10) On February 28, 2006, Magistrate Judge Bongiovanni issued an Order setting dates for submission of summary judgment motions. (Id. at #12) A copy mailed to the Plaintiff by the Clerk of the Court was returned as "refused".  (Id. at # 13)

On March 23, 2006, the magistrate judge scheduled an Order to Show Cause for April 21, 2006, why this matter should not be dismissed for failure to prosecute.  (Id. at # 14)  In its Order, the Court noted Plaintiff's failure to comply with the Court's instructions and Scheduling Order, as well as Plaintiff's overall failure to prosecute this matter or have any contact with the Court since October 2005.  (Id.)  Plaintiff was to submit his position paper, in opposition to the dismissal no later than April 10, 2006.  (Id.)  Once again, the copy of the Order mailed to Plaintiff was returned to the Court as "refused by recipient".  (Id. at # 15).

The record clearly indicates that Plaintiff has failed to prosecute this action in any meaningful way since he applied for *pro-bono* counsel in October 2005.  He has refused to accept official mail from the Court and has not engaged in any discovery of his own.  Moreover, Plaintiff has not complied with several orders of the Court despite being advised that failure to prosecute this action may result in sanctions and possible dismissal.

**III.    DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure which addresses the involuntary dismissal of an action and claim provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules of any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rules, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. FED. R. CIV. P. 41(b).

A Court may also raise a motion to dismiss an action under Rule 41 *sua sponte* under its inherent case management powers. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *See also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982). Although dismissal is an extreme sanction to be used in limited circumstances, *United States of America v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 161 (3rd Cir. 2003), dismissal is appropriate if a party fails to prosecute the action. FED. R. CIV. P. 41(b); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3rd Cir. 1995). Failure to prosecute does not require that the party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution. *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3rd Cir. 1994); *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640-641 (1976).

Courts generally consider six factors when determining whether or not to dismiss under Rule

41(b): (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). While keeping in mind the care with which courts must treat *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972), if a *pro se* plaintiff has been provided with ample opportunity and information to respond to a motion, but nevertheless has continually disregarded his obligations as a litigant, it is not beyond the discretion of the court to dismiss his claim. *Padro v. Heffelfinger*, 110 F.R.D. 333, 335-36 (E.D. Pa. 1986).

Having carefully reviewed these factors, the Court is persuaded that Plaintiff's conduct warrants final dismissal of this case under FED. R. CIV. P. 41(b). Plaintiff is a *pro-se* litigant and has managed this case since its inception. He is responsible for the conduct of the case and cannot claim that the failure to prosecute resulted from the actions of his attorney. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992).

In addition, the Court finds that there is a history of willful dilatoriness. The Court considers a party's conduct over the course of the entire case in assessing dilatoriness. *Adams*, 29 F.3d at 875. Plaintiff has twice failed to submit a pretrial memorandum, disregarding the Court's Orders of August 8, 2005 and February 17, 2006. The Plaintiff has also flouted the Court's Order to Show Cause of March 23, 2006, requiring him to submit a position paper by April 10, 2006. In addition, Plaintiff's willful refusal to accept official mail from the Court demonstrates Plaintiff's pattern of dilatory conduct. Id. at 874. Because nothing before the Court indicates that plaintiff is unable to accept the Court's mailings, respond as ordered by the Court, or properly prosecute this matter, the inference of

plaintiff's willfulness in failing to meet his obligations is inescapable.

The Court notes that in assessing the possibility of alternative sanctions under *Poulis*, that It has given Plaintiff the maximum opportunity to comply.  Plaintiff was given ample time to submit a pretrial memoranda and was properly sent notification of the Order to Show Cause.  In fact, Plaintiff has continually refused to accept mailings from the Court, including notification of the Order to Show Cause.  The Court concludes that lesser measures, such as compelling discovery or giving Plaintiff further opportunities to appear would be ineffective in light of the Court's repeated efforts to contact Plaintiff and to avoid dismissing the action.

The inclusion of the other *Poulis* factors are largely neutral and do not change the Court's conclusion that the balance of the *Poulis* factors supports dismissal of this action.

### IV. CONCLUSION

In view of the foregoing, IT IS on this 21st day of April, 2006,

ORDERED that Plaintiff's Complaint is dismissed pursuant to FED. R. CIV. P. 41(b).


      s/   Stanley R. Chesler
HONORABLE STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE